[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#107)
The defendants' move to strike count three of the complaint.
On November 2, 1999, the plaintiff, William Ricks was involved in an CT Page 10384 automobile accident between himself and an unknown party who was driving a truck. This accident occurred while the plaintiff was in the course of his employment for the defendant, State of Connecticut, who is a co-plaintiff in this matter. Upon attempting to acquire a police report of the accident, the plaintiff was told it had been lost. Therefore the plaintiff cannot identify the other party involved in the accident. The plaintiff subsequently brought suit against the defendants, State of Connecticut, the City of Hartford, and Patrick Sullivan, the officer at the scene of the accident. On January 14, 2002, the defendants Patrick Sullivan and City of Hartford filed a motion to strike the third count of the complaint on the grounds that there is no cause of action for spoilation of evidence, no private remedy for public duties and because the plaintiff failed to allege that the defendant ever possessed a report. The defendant, Ricks filed an objection to the motion on February 27, 2002 and the defendant State of Connecticut filed an objection on April 8, 2002.
The defendants first argue that Count III of the complaint must be stricken because no cause of action can exist for "spoilation of evidence". However, the complaint does not allege the spoilation of evidence but rather the defendant, Patrick Sullivan's breach of duty. Therefore the argument that no cause of action may be brought for spoilation of evidence is irrelevant. Defendants' motion to strike on this ground is denied.
The defendants also argue that the omissions complained of by the plaintiff involve public duties and therefore do not give rise to a private remedy for money damages. This argument is not correct. Police departments have a duty to maintain records and such is a ministerial duty. General Statute § 7-282 states that "reports or photographs made in the investigation of any accident wherein any person has been injured or property damaged shall preserve and retain the same for a period of at least ten years from the date of such accident." Since the police stated that the police report had been lost, the officer has violated this obligation. General Statute § 7-465 does allow recovery for such a violation. General Statute § 7-465 (a) states that "[a]ny town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act CT Page 10385 of such employee in the discharge of such duty. Therefore, the defendants' argument is unfounded. The plaintiffs may recover money damages. The defendants' motion to strike on this ground is denied.
The defendants' last argument is that the motion to strike should be granted because the complaint does not specifically allege that the defendant ever actually had or received a report. Although this is true, the plaintiff does allege that he was told that the report had been lost. This certainly assumes that the plaintiff believes a report existed. Further, the plaintiff does allege the defendants' failure to preserve the record, pursuant to § 7-282. Further, a motion to strike should be read most favorably toward the non-movant. "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). Therefore the defendants' argument fails. The motion to strike on this ground is denied.
Count III of the plaintiff's complaint does allege legally sufficient claims. Accordingly, the defendants' motion to strike is denied.
 ___________________ Hennessey, J.